IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                       No. CIV-97-0506 SC/WWD
                                             CR-91-337 SC

PLACIDO R. PADILLA

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. This matter comes before the Court upon defendant's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed April 10, 1997 [1-1]; defendant's motion to Proceed in Forma Pauperis, filed April 10, 1997 [2-1]; defendant's Request for Leave of Court for Discovery, filed August 25, 1997 [15-1]; and defendant's Motion for the Appointment of Federal Public Defender, filed August 25, 1997 [16-1]. Defendant, who is presently incarcerated, is proceeding *pro se* and *in forma pauperis*. Following a jury trial, he was found guilty of two counts of cocaine distribution, in violation of 28 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

    2. Defendant presents the following grounds for relief:

    (1)    that trial counsel was ineffective in the presentation of his defense;
    (2)    that trial counsel failed to act or omitted to act during trial;
    (3)    that he was denied a fair trial as a result of ineffective assistance of counsel; and
    (4)    that the government failed to disclose evidence favorable to him.

**Ground One**

    3. Defendant's grounds center largely on a set of audio tapes and tape transcripts of several conversations between Mr. Padilla and New Mexico State Police Agent Edward Cortez setting up three separate cocaine sales by defendant. Defendant first alleges that counsel was ineffective in presenting a

defense by failing to file a motion to suppress these tapes.  In response to Mr. Padilla's desire to raise this motion, Mr. Herrera, his attorney, had advised the Court that upon reviewing applicable statutory authority, he did not feel it was "appropriate."  Tr. Vol.II at 4-5.  The Court then allowed Mr. Padilla to present the motion *pro se* just prior to commencement of the trial.  After reviewing the tapes and transcripts as exhibits and hearing Mr. Padilla's argument, the Court denied the motion.  Tr.Vol.II at 19.

    4.  In order to prevail on his claim of ineffective assistance of counsel, defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984); accord, Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996).  Counsel's performance was neither below the standard of reasonableness nor prejudicial in failing to raise a meritless claim - - a motion which was indeed raised and subsequently denied.  See United States v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1991), cited in United States v. Stanberry, unpubl. op., 1997 WL 694623 (10th Cir. (Okla.)) (counsel not ineffective for failing to raise motion to suppress where motion would not have been granted).

    5.  Defendant also claims that counsel did not prepare or present a defense theory at trial, citing the opening statement and counsel's refusal to object to the tapes and transcripts that were presented as evidence.  The performance of defendant's counsel "must be considered in light of the strength of the government's case."  United States v. Rivera, 900 F.2d 1462, 1474 (10th Cir. 1990); Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986).  The prosecution had formidable evidence against defendant with the seized cocaine and the tape recordings of phone calls in which Mr. Padilla negotiated the cocaine sales.  When, as here, the prosecution has an overwhelming case, "there is not too much the best defense attorney can do." United States v. Katz, 425 F.2d 928, 930 (2d Cir.1970) (Friendly, J.).

    6.  Defense counsel does not have a duty to "recite a list of possible defenses in the abstract."

2

Tollett v. Henderson, 411 U.S. 258 (1973).  Forming a defense strategy frequently involves highly practical considerations as well as specialized knowledge of the law.  Id.  Given the arsenal of evidence against his client, Mr. Herrera focused his defense strategy on attacking the credibility of Agent Cortez[1] and the reliability and validity of the cocaine analysis.  Tr. Vol.II at 23-24; 59-62.

      7.  Also under Ground One, defendant alleges that counsel failed to seek discovery of all video and audio tape exculpatory evidence.  These other tapes were additional recordings of conversations between Agent Cortez and defendant.  Tr. Vol.II at 8, 15-19.  Because the government was not intending to offer these tapes into evidence, the Court was not interested in including them in defendant's motion to suppress.  Tr. Vol.II at 15.  However, there is no basis from which to infer that any information in these tapes were favorable to defendant, much less *materially* favorable such that had these tapes been disclosed, the result of the proceeding would have been different.  See Duvall v. Reynolds, __ F.3d __, 1997 WL 758810 *13 (10th Cir. (Okla.) (citing United States v. Bagley, 473 U.S. 667, 682 (1985)).  Consequently, counsel's failure to seek to obtain these tapes cannot be viewed as falling outside the "wide range of reasonable professional assistance."  United States v. Owens, 882 F.2d 1493, 1501 (10th Cir. 1989).

      8.  As a last issue under Ground One, defendant claims that counsel was ineffective for failing to make a motion for judgment of acquittal.  However, the court record shows that Mr. Herrera did in fact raise this motion specifically with regard to Count III, a charge in connection with the date of April 16, 1991.  The Court denied the motion.  Tr. Vol.II at 90-91.  Thus, this issue, as well as defendant's various other issues raised under Ground One should be denied.

**Ground Two**

---

[1] Defendant had informed counsel that the tapes had been taken "out of context, or out of sequence."  Reply at 5.

9. Next, Mr. Padilla contends that counsel failed to act or omitted to act during trial when he failed to object to the admission of the audio tape recordings and the tape transcripts. In addition, he claims that Mr. Herrera did not protect the trial record for review. The transcripts were not admitted into evidence but published to the jury as an "aid in understanding [the audio tape that was admitted into evidence]." Tr. Vol.II at 39-40. The Court instructed the jury that they could listen to the tapes if they needed to. Tr.Vol.II at 78.

10. Mere failure to object to evidence does not render an attorney ineffective. Yarrington v. Davies, 992 F.2d 1077 (10th Cir. 1993). Using the Strickland standard, defendant must show that there is a reasonable probability that but for counsel's failure to object, the result of the proceeding would have been different. Id. (citing Strickland, 466 U.S. at 694). Given the Court's denial of the motion to suppress the tapes, and the lack of any legal basis upon which defendant argues against the admissibility of the tapes, there is no merit to Mr. Padilla's contention. Without a basis for the objection, counsel's performance cannot be said to have been deficient. Similarly, an objection without much merit cannot be viewed as causing the outcome of the proceeding to be different.

11. Defendant does not describe what part of the trial record counsel failed to preserve for review. Mr. Herrera raised various objections throughout the trial to evidence being presented by the prosecution as well as to the jury instructions. Tr. Vol.II at 35, 59, 90. Relief for issues raised in Ground Two should also be denied.

**Ground Three**

12. In his petition, Mr. Padilla refers to the supporting facts and issues raised under Ground One for his due process claim. Pet. at 7. Not having found any violation of defendant's Sixth Amendment rights in counsel's performance, no error exists for the Court to examine in determining whether it rendered the entire proceeding fundamentally unfair. Martin v. Kaiser, 907 F.2d 931, 934

(10th Cir. 1990).

13.     Defendant's allegations of cumulative errors are meritless for the same reasons. Cumulative error analysis evaluates the effect only of errors, not the cumulative effect of nonerrors. Not having found any errors or deficiency in conduct of counsel, the cumulative error doctrine does not apply.  See  U.S. v. Wynne, 993 F.2d 760, 768 (10th Cir. 1993), cited in U.S. v. Cox, 83 F.3d 336, 342 (10th Cir. 1996). Therefore, defendant should be denied relief under Ground Three.

**Ground Four**

14.     Last, defendant claims that the government failed to disclose favorable evidence, i.e., the tapes which government did not offer into evidence at trial. Defendant raised this identical issue in Ground One under the theory of ineffective assistance of counsel.  However, defendant's claim under a due process theory also fails, and for the same reasons.  Even with copies of the tape "log" attached to Mr. Padilla's petition , there is no indication that these other tapes of conversations between Agent Cortez and defendant were even remotely exculpatory.  Thus, the government's failure to disclose the tapes to the defense did not deprive Mr. Padilla of a fair trial.  Relief under Ground Four should be denied as well.

15.     Given my findings as to Mr. Padilla's § 2255 petition, his other motions for leave of court for discovery [15-1] and for appointment of counsel [16-1] should be denied.  In addition, defendant's motion to Proceed in Forma Pauperis [2-1] is moot, since defendant has already been granted *in forma pauperis* status in the underlying criminal case when he was appointed counsel.  See Appeal from United States District Court, Vol.I at 1 ("CJA 20 appointing Jerry Daniel Herrera").

**Recommendation**

I recommend that defendant's Request for Leave of Court for Discovery  [15-1] should be **denied**; defendant's Motion for the Appointment of Federal Public Defender [16-1] should be **denied**;

defendant's motion to Proceed in Forma Pauperis [2-1] is **moot**;  and defendant's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [1-1] should be **denied** and that **this cause be dismissed with prejudice**.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE